# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMELO ORTIZ, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-579 |
| v. | ) ) | Judge Cathy Bissoon |
| UNITED STATES STEEL CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KELLY PAYNE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-660 |
| v. | ) ) | Judge Cathy Bissoon |
| UNITED STATES STEEL CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

On May 3, 2017, Plaintiff Carmelo Ortiz, on behalf of herself and all others similarly situated, filed a Complaint against United States Steel Corporation, Mario Longhi and David B. Burritt, alleging violations of the Securities Exchange Act of 1934. (Doc. 1 at Civil Action 17-579). Then on May 17, 2017, Plaintiff Kelley Payne, on behalf of herself and all others similarly situated, filed a Complaint against United States Steel Corporation, Mario Longhi Filho and David B. Burritt, also alleging violations of the Securities Exchange Act of 1934. (Doc. 1 at

1

Civil Action 17-660). Both actions are brought on behalf of purchasers of the common stock of United States Steel Corporation ("U.S. Steel") between November 1, 2016 and April 25, 2017.

Pursuant to stipulations filed by the parties, the Court entered a separate Order at each civil action number extending Defendants' answer date pending the Court's appointment of a lead plaintiff pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3) (the "PSLRA"). (Doc. 10 at 17-579 and Doc. 17 at 15-660). On May 4, 2017, the first notice that a class action had been initiated against Defendants U.S. Steel, Mario Longhi and David B. Burritt (collectively, "Defendants") was published on PRNewswire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the PRNewswire notice. See (Doc. 19 at ¶ 5; Doc. 19-2).

Subsequent to the publication of the lawsuits, the Court received seven motions across both dockets requesting various forms of relief related to the appointment of a lead plaintiff. See (Docs. 12, 14, 17, 21 and 24 at 17-579 and Docs. 13 and 16 at 17-660). All but one Motion asks that the two separate civil actions be consolidated into one. C.f. Mot. by Teamsters Local 237 (Doc. 21).

The Court will first address the Motions for Consolidation before proceeding to the appointment of a lead plaintiff and lead counsel. See 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff determination] until after the decision on the motion to consolidate is rendered.") As many of the Motions to Consolidate point out, securities class actions are well-suited to consolidation pursuant to Fed. R. Civ. P. 42(a).

> Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, motions practice, refinement of class action issues, consolidates clerical and administrative duties, preserves judicial resources, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Sterling,* 2007 WL 4570729, at *2 (noting as well that consolidation would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice.").

(Doc. 18 at 8-9).

The Court finds that these two civil actions involve sufficiently common questions of law and fact such that consolidation is appropriate. Both actions present substantially similar factual and legal issues, stem from the same alleged scheme by Defendants, name the same or similar defendants and allege violations of federal securities law. Moreover, the proposed class for each action is identical – individuals who purchased common stock of U.S. Steel between November 1, 2016 and April 25, 2017. Accordingly, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Rule 42(a) the Court hereby CONSOLIDATES the above-captioned cases (17-559 and 17-660), and any other subsequently filed related actions, under Civil Action Number 17-559 ("the Lead Case"). Until further notice, all filings in these consolidated cases shall be docketed under the Lead Case, and the parties may abbreviate their captions to read, "*In re U.S. Steel Consolidated Cases*, Civil Action No. 17-559," or a reasonable equivalent.

The Court now turns to the question of who should serve as lead plaintiff. The PSLRA provides as straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B). First, the PSLRA specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period;

and (II) that, not later than 60 days after the date on which notice is published, any member of the purported may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). Next, courts are to consider all motions made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court adopts the presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) "has the largest financial interest in the relief sought by the class"; and (iii) who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Based on a thorough review of the filings in both civil actions, the Court finds that Christakis Vrakas satisfies the requirements of the "most adequate plaintiff." Mr. Vrakas has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(ii)(I)(aa) by timely filing motions at each civil action on July 3, 2017. See (Doc. 17 at 17-579 and Doc. 13 at 17-660). Moreover, there is consensus among all movants that Mr. Vrakas has the largest financial interest in the relief sought by the class. (Docs. 38, 39, 40, 41, 42 at 17-579 and Doc. 21 at 17-660); see also (Doc. 19-1 at 3-4) (Loss Chart detailing Mr. Vrakas's losses in U.S. Steel totaling $2,989,482.59).

Additionally, Mr. Vrakas satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, in that he satisfies the typicality and adequacy requirements, thereby justifying his appointment as lead plaintiff. In re Cedant Corp. Litig., 264 F.3d 201, 264 (3d. Cir. 2011) ("[T]he Court's initial inquiry should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy.") (internal citations omitted).

> When making these determinations, courts should apply traditional Rule 23 principles. Thus, in inquiring whether the movant has preliminarily satisfied the typicality requirement, they should consider whether the circumstances of the movant with the largest losses "are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based." Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir.1988) (internal quotation marks and citation omitted); see also Georgine v. Amchem Products, Inc., 83 F.3d 610, 631 (3d Cir.1996) (same).
>
> In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." Hassine, 846 F.2d at 179; see also Georgine, 83 F.3d at 630 (stating that the adequacy of representation inquiry involves consideration of both whether "the interests of the named plaintiffs [are] sufficiently aligned with those of the absentees" and whether "class counsel [is] qualified and [will] serve the interests of the entire class"); In re GM Trucks, 55 F.3d 768, 800 (ed. Cir. 1995) (same).

Id. at 264-65. Moreover,

> In making the initial adequacy assessment in this context, courts should also consider two additional factors. Because one of a lead plaintiff's most important functions is to "select and retain" lead counsel, see 15 U.S.C. § 78u–4(a)(3)(B)(v), one of the best ways for a court to ensure that it will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel, see, e.g., In re Quintus Sec. Litig., 201 F.R.D. 475, 485 (N.D.Cal.2001).

Id. at 265.

Here, the Court finds that Mr. Vrakas has stated a *prima facie* case of typicality and adequacy. Mr. Vrakas's claims are identical, non-competing and non-conflicting with the claims of the other proposed Class Members. Mr. Vrakas purchased U.S. Steel securities during the proposed Class Period when the stock prices were allegedly artificially inflated as a result of the alleged fraudulent misrepresentations and omissions. The Court discerns no marked differences in Mr. Vrakas's circumstances or the legal theories upon which his claims are based as compared to the other members of the proposed class. Moreover, although a proposed lead plaintiff may be considered atypical if "subject to a unique defense that is likely to become a major focus of

5

the litigation," Beck v. Maximus, Inc., 457 F.3d 291, 301 (3d. Cir. 2006), Mr. Vrakas represents that he is "not subject to any unique or special defenses." (Doc. 18 at 12 at 17-579).

The Court also finds that Mr. Vrakas will adequately represent the proposed class. Mr. Vrakas appears to have both the ability and the incentive to represent the claims of the proposed class. He has a large financial stake in the outcome of the litigation and the apparent means to pursue the action. Moreover, there is nothing in any of the filings to suggest to the Court that there is any conflict between Mr. Vrakas's claims and those asserted on behalf of the proposed class.

Additionally, Mr. Vrakas has demonstrated a willingness and an ability to select competent class counsel. Without conflating the adequacy analysis under Rule 23 with the Court's role in approving lead counsel under the PSLRA, the Court of Appeals for the Third Circuit instructs that the Court should, as part of its adequacy analysis, "inquire whether the movant has demonstrated a willingness and ability to select competent counsel." Cedant, 264 F.3d at 265. The Court finds that Mr. Vrakas has. Thus, the Court concludes that Mr. Vrakas will adequately represent the proposed class.

Accordingly, the Court hereby APPOINTS Mr. Christakis Vrakas lead plaintiff in the consolidated matter.

Subject to court approval, the PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the proposed class. 15 U.S.C. § 78u-4(a)(3)(B)(v); see also Cendant, 264 F.3d at 273-76; see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal., 586 F.3d 703, 710 (9th Cir. 2009) ("the lead plaintiff, not the district court, selects lead counsel"); In re Cavanaugh, 306 F.3d 726 (9th Cir. 2002). "Unless a lead plaintiff's selection of counsel would

fail to protect the interest of the class, a court should not interfere with the selection process." <u>In re Herley Ind., Inc.</u>, No. 062596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

Mr. Vrakas has selected Levi & Korinsky LLP as lead counsel and O'Kelly Ernst & Joyce, LLC as liaison counsel. The Court sees no reason to interfere with that selection. Nothing in the record suggests that this selection of counsel would fail to protect the interests of the proposed class. Accordingly, the Court hereby APPROVES Mr. Vrakas's selection of lead and liaison counsel.

In sum, the Court ORDERS the following: (1) pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Rule 42(a) the Court **CONSOLIDATES** the above-captioned cases (17-559 and 17-660), and any other subsequently filed related actions, under Civil Action Number 17-559; (2) the Court **APPOINTS** Mr. Christakis Vrakas to serve as lead plaintiff in the consolidated action; and (3) the Court **APPROVES** Mr. Vrakas's selection of Levi & Korsinsky LLP as lead counsel and O'Kelly Ernst & Joyce, LLC as liaison counsel for the proposed class.

IT IS SO ORDERED.

August 16, 2017         s/Cathy Bissoon
                        Cathy Bissoon
                        United States District Judge

cc (via ECF email notification):

All Counsel Currently of Record

7